UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

DOMINIQUE TAVAREZ,
    Plaintiff,

vs.

FLANIGAN'S ENTERPRISES, INC.,
A Florida corporation
    Defendant.
_____/

## COMPLAINT

The Plaintiff, Dominique Tavarez, sues the Defendant, Flanigan's Enterprises, Inc., a Florida corporation, for retaliating against her, in violation of Title VII of the Civil Rights Act, because she opposed an unlawful employment practice.

### Jurisdiction and Venue

1. This Court has jurisdiction under the Civil Rights Act of 1964 pursuant to 42 U.S.C. §2000e et seq. ("Title VII").

2. Venue is appropriate in this district under 28 U.S.C. §1391 as a substantial part of the events giving rise to the claim occurred in Broward County, Florida.

### Parties

1

3. At all times material hereto, the Plaintiff, Dominique Tavarez ("Tavarez"), was and is a Broward County, Florida resident, and worked at the Defendant's Davie restaurant, which is in Broward County, Florida.

4. Defendant Flanigan's Enterprises, Inc., ("Flanigan's" or the "Defendant"), a Florida corporation listed on the NYSE MKT (formerly known as the American Stock Exchange) as symbol BDL, is headquartered in Fort Lauderdale, Florida and operates a chain of full-service restaurants and package liquor stores in south Florida, with nearly 900 fulltime employees.

**Factual Background**

5. Dominique Tavarez was a server at Flanigan's Davie location. She was hired by Flanigan's on March 1, 2011, and was by general manager Elaina Gomez.

6. On or about October 11, 2011, Ms. Tavarez's coworker Ms. Espido complained to corporate that she was being sexually harassed by the kitchen manager, Jose Munoz. Management asked Ms. Espido to find witnesses to her harassment and have those witnesses sign her letter describing her sexual harassment based upon Mr. Munoz's conduct.

7. Ms. Tavarez witnessed the harassment against Ms. Espido by Mr. Munoz and accordingly she signed Ms. Espido's letter detailing said harassment. Almost immediately thereafter, Flanigan's corporate sent a representative to the Davie location to speak with Ms. Gomez and find out who the witnesses were. Corporate let the kitchen staff know who signed the letter and allowed Mr. Munoz to harass and retaliate

2

against Ms. Tavarez in response to her being a witness to Ms. Espido's harm at the hands of Mr. Munoz.

8. The harassment and retaliation against Ms. Tavarez included Mr. Munoz belittling and yelling at Ms. Tavarez in front of her coworkers and customers. Mr. Munoz also sent Ms. Tavarez home from work one day for no reason other than to retaliate against her for being a witness which financially harmed her.

9. Then the harassment escalated as Flanigan's reduced Ms. Tavarez's schedule from five days a week to two or three days a week, further financially harming her for the sole reason that she acted as a witness to another person's sexual harassment at the behest of management. Furthermore, Ms. Gomez intimidated Ms. Tavarez by stating that "Jose was not going anywhere; if anyone had to leave, it would be me or the coworker who filed the sexual harassment claim."

10. On February 12, 2012, Ms. Tavarez went on maternity leave and returned to work in April of 2012. Upon her return, Ms. Tavarez found the schedule had her merely listed as in "training." However, another similarly situated server who went on maternity came back to work after maternity leave and was scheduled as a full-time employee and not merely on a "training" schedule. The only difference is that server did not oppose the unlawful employment practices taking place by the Defendant.

11. On April 21, 2012, three hours prior to her scheduled shift, Ms. Tavarez informed her shift manager, Anne, that she had some difficulties with her children that day and Anne asked her to instead come into work the following Sunday at noon. Ms. Tavarez arrived as directed and Ms. Gomez immediately terminated Ms. Tavarez for "no call/no show." Thus, Anne and Ms. Gomez purposely retaliated against Ms. Tavarez because she signed a witness statement against a coworker being sexually harassed by a kitchen manager.

12. That Sunday, Ms. Gomez grabbed brooms in each hand and chased Ms. Tavarez around the restaurant screaming at her to leave the restaurant immediately. Such violence of action physically scared Ms. Tavarez who just gave birth and was being threatened with no intervention from coworkers who were scared to get involved.

13. Because this retaliation occurred simultaneous with her complaining about illegal activity, Ms. Tavarez was discriminated against for opposing unlawful employment practices.

**COUNT I (PLAINTIFF ESPIDO'S TITLE VII RETALIATION)**

14. At all times relevant, Plaintiff Espido and the Defendant were covered by the requirements and prohibitions of Title VII, specifically 42 U.S.C. §2000e-3(a).

15. Plaintiff was retaliated against in the course of her employment for protesting discriminatory activities that warrant protection as described above in the factual allegations.

4

16. The wrongful conduct of the Defendant, as described herein, constituted retaliation and resulted in her unlawful termination contrary to Title VII.

17. As a direct and proximate result of the Defendant's unlawful actions, as described above, the Plaintiff has suffered the following injuries and damages: (a) Lost compensation, including wages and benefits; (b) Severe emotional distress, including fear, anxiety and depression; (c) Loss of reputation; (d) Loss of dignity and self-esteem; (e) Loss of earning capacity; and (f) Other damages to be determined.

18. Plaintiff additionally seeks attorney fees and costs as provided for in Title VII.

19. The Defendant's retaliatory practices were done with malice or reckless indifference to the federal and state rights afforded to aggrieved individuals, and accordingly the Plaintiff seeks leave to request punitive damages under Title VII.

WHEREFORE, the Plaintiff, Dominique Tavarez, requests that judgment be entered against the Defendant, Flanigan's Enterprises, Inc. for damages, including 1) lost wages and prejudgment interest, 2) compensatory damages, 3) leave to file punitive damages for reckless disregard for the Plaintiff's federally protected rights, and punitive damages where the Defendant had a pattern and practice of activities that warrant an award of said damages, 4) reasonable attorneys' fees and costs, and 5) any other lawful and equitable relief this Court deems to be just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiffs demand trial by jury on all issues triable as of right by a jury.

**Certificate of Service**

I hereby certify a true copy of the foregoing document was filed today, July 30, 2014, with the Clerk of Court using CM/ECF which should also effect electronic service on all counsel of record.

Dated: July 30, 2014

Respectfully submitted,

REINER LAW, P.A.
224 Datura Street
Suite 1313
West Palm Beach, Florida 33401
Telephone:   (561) 307-8402
Email:mreiner@marcreinerlaw.com
Counsel for Plaintiff

/s/ *Marc S. Reiner*
MARC S. REINER, ESQUIRE
Florida Bar Number 0054072